ALEXANDER WHITEHALL, Appellant, *v.* WILLIAM SMITH, Appellee.

### APPEAL FROM IROQUOIS.

In an action for a malicious prosecution, where the defendant pleads not guilty, with a special notice that defendant would prove a settlement of the cause of action, although the notice may be informal, the court should not strike the notice from the files, after a jury had been impanneled, the defense being a good one.

A notice under one plea of not guilty may stand under a similar plea, if one of them should be stricken out.

THIS was an action on the case for a malicious prosecution, brought by William Smith against Alex. Whitehall, in the Iroquois Circuit Court.

The first count alleges, in substance, that the defendant, on February 27, 1856, went before Samuel M. Ayres, then and there being a justice of the peace of said county, and maliciously, and without probable cause, on oath charged plaintiff, with one Joel R. Smith, with having stolen seven head of steers, wagon, prairie plow, four ox yokes, and three chains, the property of Whitehall, and also charged them with being common cheats and swindlers; and thereupon maliciously and without cause, procured said Ayres to issue a warrant for plaintiff on said charge, and maliciously and without probable cause procured plaintiff to be arrested on said warrant, and imprisoned, etc., until defendant maliciously, etc., procured plaintiff to be taken before said Ayres, J. P., who discharged and acquitted plaintiff, etc.

2nd count. That defendant on, etc., maliciously and without probable cause, on his corporal oath, charged plaintiff with certain offenses punishable by law, to wit, felonies, and caused plaintiff to be arrested thereon and imprisoned, etc., until, etc., when plaintiff was discharged, and fully acquitted of said charge.

Damages, $5,000.

Defendant pleaded the general issue, and also a plea of not guilty, with notice of settlement, or accord and satisfaction.

Issue was joined on the plea of not guilty.

At the April term, 1857, of said court, issue being joined, a jury was impanneled to try the case, and then plaintiff moved to strike the special plea of defendant from the files, which motion was objected to by defendant, but sustained by the court, and defendant excepted.

The jury rendered a verdict as follows: " We, the jury, find, for the plaintiff, and assess his damages at two hundred dollars."

Defendant moved for a new trial, which motion was overruled, and defendant prayed an appeal, which was allowed.

DICKEY & WALLACE, for Appellant.

C. H. WOOD, for Appellee.

CATON, C. J. After the jury had been impanneled, the plaintiff moved the court to strike out the defendant's notice, given under the general issue or plea of not guilty, to the effect that he would prove on the trial, that the grievances complained of, or cause of action, had been settled and satisfied, which the court sustained. Although this notice was somewhat informal, and not as full as it might have been, yet it showed a substantial defense. And especially after the jury was called, it

was too late to amend the notice, or in any other way to amend the pleadings, so as to allow the defendant to introduce the proof of the settlement; the court should not have stricken out the notice. Had it been plain that the defense set up in the notice was inapplicable or unavailable, the court might, no doubt, have stricken it out, or refused to admit evidence under it, upon the trial. But we think if the statements contained in this notice had been proved, then the cause of action was settled and satisfied. Striking out the second plea of not guilty, may have been very well, but the notice could stand under the first plea of not guilty, and should have been retained.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*